[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO STRIKE #113
In this case the plaintiff, David Czarsty, sues for damages resulting from personal injuries as a result of an automobile accident. The plaintiff, Deanna Czarsty, the wife of David Czarsty, brings a derivative claim for loss of consortium in count two of the complaint. The defendants claim that the allegations in Paragraph sixteen (a) and a portion of Paragraph sixteen (b) of the second count are allegations of bystander emotional distress, are legally insufficient, and should therefore be stricken.
A motion to strike challenges "the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[T]he court is limited to the facts alleged in the complaint." Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Bhinder v. Sun Co., 246 Conn. 223, 226, 717 A.2d 202 (1998). The court "construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998).
It is the defendants' claim that paragraphs sixteen (a) and (b) of count two are, in effect, a claim for bystander emotional distress, and are legally insufficient in a claim for loss of consortium. In their opposition memorandum, the plaintiffs respond that paragraphs sixteen (a) and (b) merely allege injuries that Deanna Czarsty suffered in connection with her loss of consortium claim, and do not contain a separate claim for bystander emotional distress. Furthermore, the plaintiffs claim the damages pleaded in the subject paragraphs are appropriate in a loss of consortium claim, and that any confusion regarding damages and elements of a cause of action can be addressed by the court in jury instructions. CT Page 16760
Deanna Czarsty has not alleged the required elements for a claim of bystander emotional distress. There are no allegations for any contemporaneous sensory perception of the defendant's alleged negligence which must be alleged in a claim for bystander emotional distress. See Clohessy v. Bachelor, 237 Conn. 31,675 A.2d 852 (1996). Deanna Czarsty does not deny this. Rather, it is her position that the assertion of mental distress is a part of her claim for loss of consortium. Deanna Czarsty argues that this claim is consistent with a claim of loss of consortium, and citesHopson v. St. Mary's Hospital, 176 Conn. 485, 493, 408 A.2d 260
(1979), where the court stated "the mental and emotional anguish caused by seeing a healthy, loving, companionable mate turn into a shell of person is undeniably a real injury." See also Ladd v.Douglas Trucking Co., 203 Conn. 187, 189, 523 A.2d 1301 (1987). The court agrees that this claim is not for bystander emotional distress, but rather is a part of Deanna Czarsty's claim of loss of consortium. Therefore, this court need not address the portion of the defendants' motion to strike claiming that bystander emotional distress is insufficiently pleaded.
The court does not address the merits of the remaining challenge in the defendants' motion to strike because the defendants are improperly using the motion to strike to eliminate individual paragraphs of a complaint that do not state an independent cause of action. "[W]here individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs. . . . A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated." Griffith v. Espada, Superior Court, judicial District of New Britain, Docket No. 489998 (January 25, 1999, Robinson, J.); Mirjavadi v. Bakilzadeh, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 166632 (June 9, 1999, D'Andrea, J.);Zimmerman v. Connecticut College, Superior Court, judicial district of New London, Docket No. 544623 (July 2, 1998, Handy,J.); Bombard v. Industry Riggers, Superior Court, judicial district of Waterbury, Docket No. 140181 (January 5, 1998,Pellegrino, J.).
For all of the reasons stated above the court will deny the defendants' Motion to Strike.
PELLEGRINO, J. CT Page 16761